IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES SAMUEL BINGHAM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UTAH STATE DEPARTMENT OF WORKFORCE SERVICES; PAYMENT ERROR PREVENTION UNIT of the UTAH STATE DEPARTMENT OF WORKFORCE SERVICES; and CHAU NGUYEN,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:08-cv-238-CW-PMW<br><br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  James Samuel Bingham ("Plaintiff") has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[2]  Under the authority of the IFP statute, the case is before the court for a review of the sufficiency of Plaintiff's complaint.  *See id*. § 1915(e)(2)(B)(ii).

　　　　At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 17.

[2] *See* docket nos. 1, 2.

## BACKGROUND

Plaintiff has used the preprinted civil rights complaint available on the court's website.[3] Plaintiff indicates that his case is being brought pursuant to 42 U.S.C. § 1983 and names as defendants the Utah Department of Workforce Services (the "DWS"); the DWS Payment Error Prevention Unit (the "PEPU"); and Chau Nguyen ("Nguyen"), an employee of the DWS (collectively, "Defendants"). The events underlying Plaintiff's complaint appear to stem from an alleged overpayment of food stamp benefits to Plaintiff.

Plaintiff indicates that both the DWS and the PEPU were acting under the authority or color of state law at the time the events underlying his claims occurred. Plaintiff does not indicate whether Nguyen was acting under the authority or color of state law.

Plaintiff's allegations against the DWS are substantially the same as his allegations against the PEPU. Plaintiff alleges that both the DWS and the PEPU allowed an overpayment in his food stamp benefits and are now attempting to require him to repay that overpayment. Plaintiff asserts that he is not responsible for the overpayment. Plaintiff also contends "that it is unlawful to attempt to cause any individual to pay for the errors, mistakes, oversights[,] or crimes that others have [committed]" and that the DWS and the PEPU "should be responsible enough to 'handle' [any such errors, mistakes, oversights, or crimes] of their own accord."[4] Plaintiff further alleges that he does "not have a clue as to why [the overpayment error] was not detected sooner

---

[3] *See* http://www.utd.uscourts.gov/forms/civilrt_guide.pdf.

[4] Docket no. 3 at 3-4 (emphasis omitted).

than it was, but because [the DWS and the PEPU] (apparently) don't know how to do their jobs, they are attempting to make [Plaintiff] pay for their error(s)."[5]

Plaintiff's allegations against Nguyen also involve the alleged overpayment of food stamp benefits. While it is not entirely clear from Plaintiff's allegations, it appears that after an unsuccessful attempt to visit with Plaintiff in person at Plaintiff's home, Nguyen left some sort of message for Plaintiff. Plaintiff alleges that, in that message, Nguyen asked Plaintiff to call him "to see if [he could] help [Plaintiff] on this matter" and left Plaintiff several phone numbers.[6] Plaintiff also alleges that Nguyen instructed Plaintiff to leave a message if attempts to contact him were unsuccessful so he could return Plaintiff's call. Plaintiff asserts that he attempted to contact Nguyen at all of the phone numbers without success. Plaintiff further alleges that Nguyen never made an appointment to visit with Plaintiff about the alleged overpayment and that Nguyen was "less than truthful" during a hearing before an administrative law judge when he accused Plaintiff of being "uncooperative concerning these matters."[7]

In the portion of his complaint devoted to describing his injury, Plaintiff asserts that the DWS and the PEPU "began pressing their issue(s) at about the same time [he] received word of the death of [his] mother in mid-November" and that his "emotions and trust in government can never be repaired."[8]

---

[5] *Id*. at 4 (emphasis omitted).

[6] *Id*. at 5 (quotations omitted).

[7] *Id*.

[8] *Id*. (emphasis omitted).

In the portion of his complaint containing his request for relief, Plaintiff states that the DWS and the PEPU "must notify [their] minions (employees or whatever they call them) to do their jobs."[9] Plaintiff also states that "until such time that [he has] had the opportunity to discuss these matters with legal counsel, [he is] reserving the right to consider suitable financial recompense."[10] To that end, Plaintiff has filed two motions for appointment of counsel in this case,[11] both of which were denied by this court.[12]

## ANALYSIS

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is

---

[9] *Id*. at 6 (emphasis omitted).

[10] *Id*. (emphasis omitted).

[11] *See* docket nos. 4, 12.

[12] *See* docket nos. 8, 13.

'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Bellmon*, 935 F.2d at 1110; *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

With those principles in mind, the court turns to analyzing the sufficiency of Plaintiff's complaint. The court has concluded that Plaintiff's complaint fails to state claims upon which

relief can be granted because (1) the DWS and the PEPU are entitled to Eleventh Amendment immunity from suit and (2) Defendants are not "persons" within the meaning of § 1983.

### I. DWS and PEPU Entitled to Eleventh Amendment Immunity

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.  To assert Eleventh Amendment immunity, a defendant must qualify as a state or an 'arm' of a state."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citations omitted).  With respect to the limited exceptions noted above, the Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity.  Congress may abrogate a state's Eleventh Amendment immunity.  A state may also waive its Eleventh Amendment immunity and consent to be sued."  *Id*. at 1181 (citations omitted).

The DWS was created as a department of the State of Utah.  *See* Utah Code § 35A-1-103.  The Governmental Immunity Act of Utah defines the "'State'" to include "the [S]tate of Utah, and . . . each office, department, division, agency, authority, commission, board, institution, hospital, college, university, Children's Justice Center, or other instrumentality of the state."  *Id*. § 63G-7-102(9).  Accordingly, the DWS and all of its subdivisions, including the PEPU, qualify as arms of the State of Utah and, therefore, are entitled to Eleventh Amendment immunity.

Further, neither exception to the application of Eleventh Amendment immunity applies in this case.  The first exception does not apply because Congress did not abrogate the states' Eleventh Amendment immunity when it enacted § 1983.  *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).  The

second exception is likewise inapplicable because there is no indication that the State of Utah, the DWS, or the PEPU has waived Eleventh Amendment immunity. *See* Utah Code § 63G-7-501(1) (providing that state district courts have "exclusive, original jurisdiction" over any actions brought under the Governmental Immunity Act of Utah); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have previously held that Utah has not waived its Eleventh Amendment immunity by statute.").

For these reasons, the court concludes that all of Plaintiff's claims against the the DWS and the PEPU are barred by the Eleventh Amendment.

## II.  Defendants Not "Persons" Within Meaning of § 1983

"Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of [§] 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also* 42 U.S.C. § 1983 (providing that it applies to "[e]very person" in violation of its provisions); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). The court has already concluded that the DWS and the PEPU qualify as arms of the State of Utah for purposes of Eleventh Amendment immunity. Therefore, it follows that the DWS and the PEPU are not "persons" within the meaning of § 1983. *See Will*, 491 U.S. at 71; *Champion* 51 F.3d at 905-06. In addition, because all of Plaintiff's allegations against Nguyen describe actions undertaken in Nguyen's official capacity as a DWS employee, Nguyen is likewise not a "person" within the meaning of § 1983 in this case. *See Will*, 491 U.S. at 71; *Champion* 51 F.3d at 905-06. Because

Defendants are not "persons" within the meaning of § 1983, Plaintiff's § 1983 claims against Defendants must fail.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the court concludes that Plaintiff's complaint fails to state any claims upon which relief can be granted.  Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be dismissed, in its entirety, pursuant to the IFP statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See id*. § 636(b)(1)(C).  The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  *See id*.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of July, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge